24-3286-cv
Phoenix Fashion, Inc. v. Yakoub N. Saadia, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-six.

PRESENT: AMALYA L. KEARSE,
DENNY CHIN,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

---

PHOENIX FASHION, INC.,

*Plaintiff-Appellee*,

v. No. 24-3286-cv

YAKOUB N. SAADIA, AKA YAKOUV SAADIA, AKA YAKAOUB SAADIA, AKA YAKOUV SAABIA, AKA JACK SAADIA,

*Defendant-Appellant*,

SAADIA GROUP, LLC, NEW YORK & COMPANY STORES, INC., FASHION TO FIGURE ECOMM LLC, LORD & TAYLOR ECOMM LLC, NY AND CO ECOMM LLC, LETOTE ECOMM LLC, AQUATALIA ECOMM LLC, FASHION TO FIGURE IP LLC, RTW RETAILWINDS ACQUISITION LLC, LORD & TAYLOR ACQUISITIONS LLC, LORD & TAYLOR IP

LLC, LETOTE IP LLC, AQUATALIA IP LLC, 501 JERSEY AVENUE LLC, BROOK WAREHOUSING AND DISTRIBUTION LLC, 1735 JERSEY AVENUE PROPERTY LLC, SAADIA DISTRIBUTION LLC, STONY BATTERY RD PROPERTY OWNER LLC, 1000 STONEY BATTERY ROAD LLC,

*Defendants.*

---

**FOR PLAINTIFF-APPELLEE:** BRIAN D. GRAIFMAN, Borah, Goldstein, Nahins & Goidel, P.C., New York, NY (Betty J. Levine, Hallstrom, Klein & Ward LLP, Irvine, California, *on the brief*).

**FOR DEFENDANT-APPELLANT:** SAADIA SHAPIRO, Shapiro & Associates, PLLC, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Liman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 3, 2024, judgment of the district court is **AFFIRMED**.

Defendant-Appellant Yakoub N. Saadia ("Saadia") appeals from the district court's default judgment entered against him in the amount of $5,293,539.98 in favor of Plaintiff-Appellee Phoenix Fashion, Inc. ("Phoenix"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

Phoenix sued Saadia and several related entities, claiming, *inter alia*, that they breached a forbearance agreement and related guaranty by failing to pay for

purchased goods. Although the defendants were served, they did not timely answer the complaint, and the Clerk of Court issued certificates of default against them. Upon stipulation of the parties, the district court set aside the certificates of default and ordered the defendants to file an answer. When the defendants failed to do so, however, new certificates of default were issued. The district court later granted defendants' motion to set aside this second set of certificates of default. Phoenix subsequently amended its complaint to add more defendants.[1] After the defendants were served with and failed to answer the amended complaint, Phoenix obtained certificates of default and moved for a default judgment against all the defendants. This was the third time some of the defendants, including Saadia, had defaulted in the action.

Four of these defendants -- Saadia and three of the companies (collectively, the "Moving Defendants") -- moved to set aside the certificates of default pursuant to Rule 55(c). The district court held a conference and decided to vacate the default against those four defendants on one condition: that they post a bond within eleven days for an uncontested amount of $3,022,209.00. The Moving Defendants, however, failed to post a bond or request an extension. Consequently, the district court denied their motion to set aside the third default.

---

[1] Saadia was the only individual defendant. Phoenix alleged that the other nineteen defendants, all LLCs or corporations, were alter egos of Saadia.

The district court then turned to Phoenix's motion for a default judgment against all defendants. Though the motion was unopposed, the district court permitted the defendants to be heard at a conference before ruling. Defense counsel appeared, but only on behalf of Saadia, and he did not contest damages or request an inquest. The district court granted in part and denied in part Phoenix's motion for a default judgment against all defendants, awarding Phoenix damages of $4,346.289.99 plus 9% statutory prejudgment interest under New York law from the date of the defendants' breaches. The costs Phoenix requested were denied without prejudice for lack of documentation, but the district court later granted Phoenix's renewed motion for attorneys' fees and costs of $188,494.93. Judgment was entered in the total amount of $5,293,539.98. Only Saadia appealed.

## DISCUSSION

### I. Applicable Law

Federal Rule of Civil Procedure 55 provides a two-step procedure for an entry of a default judgment against a party who fails to defend. First, when a defendant "has failed to plead or otherwise defend," the clerk enters the party's default on the docket. Fed. R. Civ. P. 55(a); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (entry of default formalizes that the defendant has admitted liability to the plaintiff by failing to defend the action). Second, depending on the circumstances, the clerk or the court will enter judgment in the appropriate amount of

damages. *See* Fed. R. Civ. P. 55(b); *see also Mickalis*, 645 F.3d at 128 (entry of a default judgment terminates the litigation and awards the plaintiff appropriate relief).

"In an appeal from a default judgment, the court may review both the interlocutory entry of default and the final judgment." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). We review entries of defaults and default judgments for abuse of discretion, as the district court "is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Id.*

## I. Discussion

### *A. Entry of Default*

The district court did not abuse its discretion in denying the Moving Defendants' motion to vacate the entry of default. "[A] court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine whether a party has established "good cause," courts weigh "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil*, 10 F.3d at 96.

The district court weighed these factors, as well as our preference for resolving disputes on the merits. *See id.* at 95–96. Although the district court found the Moving Defendants' default to have been negligent (not willful), it found that that factor was outweighed by their failure to assert any meritorious defenses for the "vast

majority" of the damages sought, and by the risk of "undue prejudice" to Phoenix. The Moving Defendants had demonstrated a pattern of delaying the action, during the pendency of which another creditor obtained a preliminary injunction against them in state court. The district court was reasonably concerned that further delay could cause Phoenix to lose priority to other creditors or that Moving Defendants' assets could be dissipated. Based on its weighing of these factors, the district court decided to conditionally vacate the default upon the Moving Defendants' posting of a bond.

Given the circumstances of this case -- namely, the Moving Defendants' prior delays and the risk that further delay would render Phoenix unable to collect on an eventual judgment for the uncontested damages -- the district court did not abuse its discretion by conditioning vacatur on the posting of a bond. *See Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 515 (2d Cir. 2001) (district court may impose a reasonable condition when vacating an entry of default to avoid undue prejudice to the opposing party).

The bond amount was also reasonable, considering it was only for uncontested damages. Uncontested damages, which was $3,022,209.00, *i.e.,* $1,324,080.99 (approximately 30%) less than Phoenix's claimed damages of $4,346,289.99. And when the Moving Defendants failed to post the bond, the district court did not abuse its discretion by denying the motion to vacate, as its concerns about undue prejudice to Phoenix had not been ameliorated. *See id.*

### *B. Entry of Default Judgment*

None of the defendants opposed Phoenix's motion for a default judgment below. And though the district court still gave the defendants an opportunity to be heard at a conference before ruling on the motion, Saadia failed to make the arguments he now raises on appeal. Saadia's only response to the district court was that he "[didn't] have the money for the bond." App'x at 1223. Accordingly, "we decline to consider [his new arguments] in light of the well-established general rule that a court of appeals will not consider an issue raised for the first time on appeal." *Otal Invs. Ltd. v. M/V CLARY*, 673 F.3d 108, 120 (2d Cir. 2012) (citing *Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976); *Virgilio v. City of N.Y.*, 407 F.3d 105, 116 (2d Cir. 2005)). The district court did not abuse its discretion in entering the default judgment against Saadia.

## II. Referral to Grievance Panel

Finally, we must address a separate matter concerning the conduct of Saadia's counsel, Attorney Shapiro. None of the cases cited in the standard of review section of counsel's brief exist. On thirteen occasions, Saadia relied on the following nonexistent cases: *XYZ Corp. v. ABC Inc.*, 987 F.3d 123 (2d Cir. 2022); *Doe v. Smith*, 456 F.3d 789 (2d Cir. 2021); *Smith v. Jones*, 789 F.2d 123 (2d Cir. 2021). Although Phoenix raised this issue in its opposition brief, Saadia did not address or acknowledge it in his reply brief. At oral argument, Saadia's counsel did not have an explanation for including fabricated citations in his brief.

All attorneys appearing before this court are required to "read, and thereby confirm the existence and validity of, the legal authorities on which they rely." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024). An attorney's "attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Id.* (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023)).

By citing nonexistent authority, it appears that Attorney Shapiro presented false statements of law to this Court and failed to make the requisite inquiry into the validity of his arguments. *See Park*, 91 F.4th at 615. We therefore **REFER** Attorney Shapiro to the Court's Grievance Panel pursuant to Local Rule 46.2 for further investigation, and for consideration of a referral to the Committee on Admissions and Grievances. *See* 2d Cir. R. 46.2.

* * *

We have considered Saadia's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court